J-S34005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL KEITH HOPKINS | : | |
| | : | |
| Appellant | : | No. 779 WDA 2018 |

Appeal from the Judgment of Sentence April 4, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000573-2017

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 04, 2019**

Appellant, Daniel Keith Hopkins, appeals from the April 4, 2018 Judgment of Sentence entered in the Court of Common Pleas of Jefferson County following his conviction after a jury trial on 21 offenses, including Corrupt Organizations, Conspiracy to Commit Corrupt Organizations, Conspiracy to Deliver a Controlled Substance, and Delivery of a Controlled Substance in connection with the trafficking of crystal methamphetamine.[1] He challenges the weight of evidence, discretionary aspects of sentencing, and an evidentiary ruling, and raises a **Brady**[2] claim. After careful review, we affirm.

---

[1] 18 Pa.C.S. § 911(b)(3); 18 Pa.C.S. § 911(b)(4); 18 Pa.C.S. § 903; 35 Pa.C.S. § 780-113(a)(30), respectively.

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

---

* Retired Senior Judge assigned to the Superior Court.

We glean the following factual and procedural history from the certified record. Between November 8, 2016, and August 2, 2017, Appellant, Larry Dean, and others conspired to sell and sold 35 pounds of crystal methamphetamine worth $1.6 million throughout central Pennsylvania. Appellant supplied the methamphetamine in Altoids mint tins, sent through priority mail packages from Arizona, to Dean, who distributed the methamphetamines to a circle of drug traffickers in Clarion, Clearfield, Elk, Forest, and Jefferson Counties in Pennsylvania. The Pennsylvania State Police, the Office of the Attorney General, several local police departments, and the United States Postal Service conducted an extensive joint investigation ("Operation Snail Mail") involving controlled purchases, wiretaps, and review of financial documents and wire transfers. Following a grand jury investigation and presentment naming 30 co-conspirators, Appellant was arrested in Arizona and transferred to Pennsylvania to stand trial. Gary Allen Knaresboro, Esq., a Jefferson County public defender, represented Appellant at trial.[3]

A four-day joint trial[4] commenced on March 19, 2018, in which, *inter alia*, a postal inspector, drug traffickers, and the drug traffickers' associates testified on behalf of the Commonwealth. A jury convicted Appellant of one count each of Corrupt Organizations, Conspiracy to Commit Corrupt

---

[3] Attorney Knaresboro continues to represent Appellant in this appeal.

[4] Appellant and Dean were tried together after the court denied Hopkins' Motion to Sever.

Organizations, and Conspiracy to Deliver a Controlled Substance, and eighteen counts of Delivery of a Controlled Substance.[5]

On April 4, 2018, the trial court sentenced Appellant to an aggregate term of 95 to 190 years of imprisonment.[6] Appellant filed a Post-Sentence Motion challenging, among other things, the court's exercise of discretion in imposing consecutive terms of incarceration that rendered his aggregate sentence excessive. The trial court denied the Post-Sentence Motion.

This timely appealed followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues on appeal, which we have reordered:

1. Whether the Commonwealth violated **Brady** by failing to disclose certain exculpatory evidence, specifically, statements that were provided to counsel in chambers minutes before the start of trial.

2. Whether the trial court erred by allowing Trooper Jared Thomas to present hearsay testimony of Danielle Nicole Reese.

---

[5] Appellant was originally charged with nineteen counts of Delivery of a Controlled Substance. The Commonwealth withdrew one count pursuant to Pa.R.Crim.P. 561(A).

[6] The court imposed the sentences as follows: a term of 2 and ½ to 5 years' incarceration for each of the Corrupt Organizations convictions, to be served concurrently; a consecutive term of 5 to 10 years' incarceration for Conspiracy; and terms of 5 to 10 years' incarceration for each of the Delivery convictions, each to be served consecutively, for an aggregate of 95 to 190 years' incarceration.

3.    [Whether] the trial court abused its discretion by sentencing the Appellant to a minimum term of ninety-five (95) years [of] incarceration to a maximum of one hundred ninety (190) years [of] incarceration.

4.    Whether the trial court erred by denying the Appellant's post-trial motion as the jury's guilty verdict was against the weight of evidence.

Appellant's Br. at vi.

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. *See also* Pa.R.A.P. 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "Citations to authorities must articulate the principals for which they are cited." *Id.* (citing Pa.R.A.P. 2119(b)). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or

- 4 -

citation to, relevant legal authority regarding issue generally or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

In his first issue, Appellant avers that the Commonwealth violated **Brady** by failing to disclose until the morning of trial that witness Danielle Nicole Reese, Appellant's girlfriend, had disclosed that other individuals, in addition to Appellant, had used Appellant's computer and phone and she was not available to testify. Appellant's Br. at 6.

Appellant's **Brady** challenge is significantly underdeveloped. Appellant fails to set out the standard to be met in order to establish a **Brady** claim. Further, despite numerous references to the trial, Appellant fails to cite to the record.[7] Appellant's omissions and his failure to develop this issue not only violate our briefing requirements set forth in Pa.R.A.P. 2119(a)-(e), but also preclude this Court's meaningful review. **Gould**, 912 A.2d at 873. Accordingly, this issue is waived.

In his second issue, Appellant asserts that the trial court erred by permitting Officer Thomas to testify regarding certain hearsay evidence. Appellant's Br. at 11.

Appellant's argument is, again, woefully underdeveloped. Appellant does not identify the alleged hearsay evidence introduced at trial, and does

---

[7] Moreover, he concedes he "was provided an interview with" Ms. Reese but nonetheless contends he was unaware that she would have testified that others used Appellant's phone and computer. **See** Appellant's Br. at 6.

- 5 -

not cite to the record at all, much less to where the issue was preserved during trial. *See* Pa.R.A.P. 2119(a)-(e). Further, Appellant fails to cite to any legal authority and he makes no attempt to develop any legal argument. Accordingly, Appellant's second issue is waived.

In his third issue, Appellant contends that the court abused its discretion in sentencing him to consecutive sentences that aggregated to a term of 95 to 190 years of incarceration. He acknowledges that "the sentence is not illegal," but contends that it "went beyond the aggravated range of sentencing." *See* Appellant's Br. at 5, 15-16. Appellant alludes to the possibility of judicial bias when he observes, without citation to the record, that the sentencing court stated that Appellant was "trafficking poison in Jefferson County." Appellant's Br. at 16.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a

substantial question that the sentence is appropriate under the Sentencing Code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013).

Here, Appellant satisfied the first three elements by filing a timely Notice of Appeal, preserving the issue in a Post-Sentence Motion, and including a Rule 2119(f) Statement in his Brief to this Court. Thus, we consider whether Appellant has presented a substantial question for review.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). This Court has no jurisdiction where an appellant's Rule 2119(f) Statement fails to "raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." ***Commonwealth v. Coulverson***, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted). Further, an appellant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1269 (Pa. Super. 2013) (citation omitted).

With regard to the imposition of consecutive sentences, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.
>
> [An appellant] may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa. Super. 2015) (citations and quotations omitted).

As this Court has emphasized, "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and quotation omitted).

Appellant challenges the excessiveness of the sentence as being "a life sentence with no possibility of parole." Appellant's Br. at 5. We conclude that, on its face, an aggregate sentence of 95 to 190 years' incarceration for

drug trafficking appears to be excessive. ***Prisk***, ***supra*** at 533. Appellant has, thus, presented a substantial question.

We note, however, our displeasure that Appellant's counsel has utterly failed to develop his argument beyond a summary conclusion that the court abused its discretion in sentencing him to a term of 95 to 190 years of incarceration. Appellant's counsel has not cited to the record at all; he has not set forth the applicable range of sentences provided in the sentencing code; he fails to cite to case law beyond that setting forth the standard of review; and he fails to provide any analysis at all.[8]

Due to these extensive briefing omissions and the ineffectiveness of Appellant's counsel, we are constrained to conclude that Appellant's challenge to his sentence is waived. ***See Hardy***, 918 A.2d at 771 (stating that a brief must support claims "with pertinent discussion, with references to the record and with citations to legal authorities" and ""[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant."); ***Gould***, 912 A.2d at 873 (finding waiver where the appellant failed to support his claim with relevant citations to case law and record); ***In re R.D.***, 44 A.3d at 674 (finding

---

[8] Further, Appellant fails to develop, with citation to the record and case law, any argument pertaining to his observation that the court stated that he was "trafficking poison in Jefferson County," an observation that implies that the sentence was based on judicial impartiality. Appellant's Br. at 16.

that, due to a lack of citation to relevant legal authority and a lack of analysis that precluded meaningful appellate review, the issue was waived).

In his fourth issue, Appellant challenges the weight of evidence regarding his convictions of Delivery of a Controlled Substance. He asserts that because the Commonwealth directly proved that only two packages at issue affirmatively contained methamphetamine, the jury's verdict for eighteen convictions was against the weight of evidence. Appellant's Br. at 12-14. He contends that the jury based their verdict "solely on presumption and inference." *Id.* at 13.

When presented with challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Talbert***, ***supra*** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. ***See id.*** at 545-46.

"In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict, but questions the evidence that the jury chose to believe. *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 n.3 (Pa. 2000).

In denying Appellant's weight of evidence claim, the trial court found that it was not against the weight of evidence for the jury to credit the testimony of the postal inspector, drug traffickers, and the drug traffickers' associates to conclude that the eighteen packages at issue contained methamphetamines. Trial Ct. Op., filed 9/21/18, at 5-6. The court noted that the postal inspector detailed the relevant shipping activity between addresses in Arizona and Pennsylvania. *Id.* (citing N.T. Trial, 3/20/18, at 261-327).

Further, the court discussed the testimony of the drug traffickers and their associates. Traffickers testified that the methamphetamines were packaged in mint containers and shipped through the U.S. postal service from Arizona to Pennsylvania. *Id.* (citing N.T. Trial, 3/20/18, at 176-234). Associates testified that they tracked the postal confirmation codes of these packages and observed that the packages contained methamphetamines in mint containers. *Id.* (citing N.T. 4/20/18, at 95-99, 149-51).

Appellant essentially requests that we reassess and reweigh the evidence presented at trial. We cannot and will not do so. Our review of the record indicates that the evidence supporting the jury verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. We discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Judgement of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/2019